Steve **MINOR**, Petitioner-Appellant,

v.

**Hoyt C. CUPP, Warden, Oregon State Penitentiary, Respondent-Appellee.**

No. 71-1521.

United States Court of Appeals,
Ninth Circuit.

Aug. 15, 1972.

Rehearing Denied Sept. 25, 1972.

Certiorari Denied Jan. 8, 1973.
See 93 S.Ct. 926.

Donald S. Britt (argued), San Francisco, Cal., for petitioner-appellant.

John H. Clough, Asst. Atty. Gen. (argued), James A. Sanderson, Asst. Atty. Gen., John W. Osburn, Sol. Gen., Lee Johnson, Atty. Gen., Salem, Or., for respondent-appellee.

Before HAMLEY and HUFSTED-LER, Circuit Judges, and MUECKE, District Judge.*

PER CURIAM:

Steve Minor, a prisoner of the state of Oregon, filed this application for a writ of habeas corpus. The district court denied the application on the ground that Minor had deliberately bypassed his state remedies. On appeal Minor argues that, under the circumstances, he was justified in bypassing his state remedies. We hold this argument to be without merit, and affirm.

An Oregon court convicted Minor of second degree murder on December 2, 1948, and the trial judge sentenced him to life imprisonment. The Oregon parole board released Minor on parole on December 30, 1955. About a year later another Oregon court convicted him of rape, committed while on parole, and that trial judge sentenced him to ten years imprisonment. The state parole board thereupon revoked the parole.

In March, 1962, Minor filed a petition under the Oregon Post-Conviction Relief Act, challenging his rape conviction. There was an unconscionable delay in the disposition of this proceeding, for which the state is largely responsible. In September, 1966, a state court dismissed that proceeding, without prejudice, for lack of prosecution. Shortly thereafter, Minor petitioned an Oregon state court for relief under the Oregon Post-Conviction Relief Act, with reference to his 1948 murder conviction. Again a lengthy delay ensued, for which the state was partly responsible. In February, 1968, the state court dismissed that petition, with prejudice, on Minor's motion made contrary to the advice of his counsel.

Minor instituted this federal habeas proceeding on November 6, 1968, challenging, on constitutional grounds, both the murder and the rape convictions. Oregon moved to dismiss the proceeding without prejudice on the ground that Minor had failed to exhaust his then-available state remedies. The district court, stating that it was not satisfied

* The Honorable C. A. Muecke, United States District Judge for the District of Arizona, sitting by designation.

that the Oregon courts would refuse to hear Minor's contentions on the merits, ordered the federal habeas proceeding held in abeyance for thirty days, to enable Minor to file a petition for post-conviction relief in the state court. The district court order, entered September 2, 1969, further provided that if Minor instituted such a state proceeding within thirty days, the federal habeas proceeding would be stayed for at least ninety days, to enable the state court to dispose of the new post-conviction proceedings.

On October 2, 1969, Minor filed a petition in the state court challenging only the murder conviction. He abandoned his challenge of the rape conviction because he had served that sentence. With regard to the murder conviction, Minor advanced three grounds in the new state post-conviction proceeding why that conviction should be set aside. They were: (1) the trial court admitted in evidence involuntary incriminating statements; (2) he is a Negro and Multnomah County, Oregon, where the murder trial was held, excluded Negroes from juries; and (3) the state denied him the right to appeal by not informing him of that right or of his right to have appointed counsel to assist him on such an appeal.

While this state proceeding was pending, Minor twice (January 23 and April 10, 1970) came back to the federal district court where his federal habeas proceeding had been held in abeyance. On both occasions the federal district court informed Minor that the state had complied with the September 2, 1969 order, and that he should proceed in the state courts.

The state court set the new post-conviction proceeding for hearing on November 23, 1970. On November 6, 1970, Minor's attorney wrote to the state judge, stating that Minor denied the validity of the November 23, 1970 hearing, and requested the court to make any disposition it wished without hearing. The state thereupon moved for dismissal of the state proceeding with prejudice.

A hearing was held before the state judge on November 23, 1970. The judge questioned Minor at length and fully advised him of his rights. The judge also gave Minor an opportunity to present evidence on the merits of his petition. Minor rejected this offer. Minor continued to contend that the state courts had lost jurisdiction because the state had assertedly not complied with the federal district court's order of September 2, 1969. The state court then dismissed the new post-conviction proceeding with prejudice, finding that Minor, with full understanding of the consequences, had deliberately bypassed his then-available state remedies.

As had been fully explained to Minor by both the federal and state judges, the state had met the conditions imposed in the federal district court order of September 2, 1969 and, on November 23, 1970, the state court was prepared to consider his post-conviction claims on the merits. Yet Minor, although fully advised, and represented by counsel, declined to proceed at the November 23, 1970 hearing. Such refusal to proceed constituted a classic instance of deliberate bypassing of available state remedies. Accordingly the district court did not abuse its discretion in dismissing this federal habeas proceeding with prejudice. *See* Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Affirmed.